12-Person Jury



* 5 0 0 9 0 6 7 8 *
FILED
7/12/2021 11:40 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L007011

13997283

FILED DATE: 7/12/2021 11:40 AM 2021L007011

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

JOSEPHINE PEDROZA,

Plaintiff,

v.

ARAMARK SERVICES, INC., ARMARK BUSINESS & INDUSTRY, LLC, ARAMARK BUSINESS FACILITIES, LLC, and ARAMARK FACILITY SERVICES, LLC,

Defendants.

Case No. 2021L007011

**JURY TRIAL DEMANDED**

**COMPLAINT AT LAW**
**COUNT I – NEGLIGENCE**

**(ARAMARK SERVICES, INC.)**

For her Complaint against Defendant ARAMARK SERVICES, INC., a Delaware Corporation, (hereinafter, "ARAMARK SERVICES") the Plaintiff, JOSEPHINE PEDROZA, thorough her attorneys at the LEONARD LAW GROUP, LLC, alleges:

1. On or about December 27, 2019, Plaintiff was employed at a DHL facility located at 11601 W. Touhy Avenue, Chicago, Illinois (hereinafter, "DHL").

2. On December 27, 2019, and at all material times, the Plaintiff, JOSEPHINE PEDROZA was a resident of Cook County Illinois and was employed at the said DHL facility.

3. At all material times, Defendant ARAMARK SERVICES was a Delaware Corporation that conducted business throughout the State of Illinois, including at the DHL facility.

4. At all material times, Defendant ARAMARK SERVICES provided and maintained floor mats for use at the DHL facility.

Exhibit A



* 5 0 0 9 0 6 7 8 *

FILED DATE: 7/12/2021 11:40 AM 2021L007011

5. Defendant ARAMARK SERVICES provided the mats to DHL at the location stated herein on a regular and ongoing basis and did so for a considerable time prior to December 27, 2019.

6. At all material times, ARAMARK SERVICES knew, or should have known, that DHL employees would utilize the floor mats by walking upon them throughout the premises, and, by necessity, that the mats were required to be properly placed, maintained, and secured to be safely utilized by those employees.

7. ARAMARK SERVICES personnel would initially place and position the mats throughout the DHL facility upon delivery.

8. Defendant ARAMARK SERVICES also routinely picked up the mats that were left at DHL previously. Those mats would then be exchanged for different mats on a continual basis. Shortly after picking the used mats up from DHL, Defendant ARAMARK SERVICES would then routinely clean the mats by running them through a cleaning machine. Defendant ARAMARK SERVICES would then store the mats prior to another delivery of different mats by Defendant ARAMARK SERVICES personnel to DHL.

9. Prior to the date of the occurrence and at all material times, Defendant ARAMARK SERVICES previously placed and provided a mat between the front door and the Central Dispatch department at the DHL facility.

10. At all material times, Defendant ARAMARK SERVICES had a duty to provide safe and suitable mats for use by DHL employees while located on the DHL premises. Defendant ARAMARK SERVICES also had a duty to safely secure and place the mats when ARAMARK SERVICES personnel delivered them to the DHL premises.

* 5 0 0 9 0 6 7 8 *

FILED DATE: 7/12/2021 11:40 AM 2021L007011

11. In breach of its duties to the Plaintiff, Defendant ARAMARK SERVICES engaged in one or more of the following careless acts or omissions:

a) Provided an excessively worn mat at the DHL facility that slipped when walked upon;
b) Provided torn mats that caused pedestrians to trip or slip;
c) Provided mats that continually puckered, buckled, or curled upwards at the edges, causing pedestrians to trip;
d) Provided mats with frayed edges that would intrude into the walking area of the mats, causing tripping hazards to pedestrians walking about the mats;
e) Failed to adequately inspect the mats prior to, and after, their installation at DHL;
f) Failed to properly install the mats;
g) Failed to properly affix the mats to the ground prior to us by DHL employees;
h) Failed to adequately respond to prior information conveyed by DHL representatives to Defendant ARAMARK SERVICES representatives about DHL employees falling on or about the mats located at the said location prior to the day plaintiff was injured;
i) Placed the mats at the location described in an unsafe manner by putting them on wet or moist floors;

12. As a proximate result of the foregoing one or more of the foregoing careless acts or omissions engaged in by Defendant ARAMARK SERVICES, Plaintiff tripped, fell to the ground, and sustained damages including significant injuries to her right shoulder, arm, and other parts of her body.

13. As a proximate cause of the Defendant ARAMARK SERVICES'S conduct, the Plaintiff incurred lost wages and lost earning capacity she might otherwise have earned or possessed. She may also suffer similar losses in the future.

14. As a proximate cause of the Defendant ARAMARK SERVICE'S conduct, Plaintiff incurred significant medical expenses and will incur such expenses in the future.

* 5 0 0 9 0 6 7 8 *

FILED DATE: 7/12/2021 11:40 AM 2021L007011

15. As a proximate cause of the Defendant ARAMARK SERVICE'S conduct, the Plaintiff has lost a significant capacity to engage in activities associated with her normal life as it existed prior to her injury. Those activities include, but are not limited to, those associated with basic self-care, daily living, work, and the enjoyment of her life. Plaintiff may also continue to suffer the same or similar limitations and losses in the future and for the remainder of her life.

16. Pleading in the alternative, and as a proximate cause of the Defendant's conduct, the Plaintiff has experienced significant disability, and may continue to experience such disability in the future.

17. As a proximate cause of the Defendant's conduct, the Plaintiff has experienced significant pain and suffering, and may continue to suffer pain for the remainder of her life.

WHEREFORE, the Plaintiff, JOSEPHINE PEDROZA prays for judgment in her favor and against the Defendant, ARAMARK SERVICES, INC., for a sum in excess of the minimum jurisdictional amount of this Court, plus all allowable pre-judgment interest and costs.

**COUNT II – NEGLIGENCE**

**(ARAMARK BUSINESS & INDUSTRY, LLC)**

Pleading in the alternative, and for Count II of her Complaint against ARAMARK BUSINESS & INDUSTRY, LLC., a Delaware LLC, (hereinafter, "ARAMARK B & I") Plaintiff, JOSEPHINE PEDROZA, thorough her attorneys at the LEONARD LAW GROUP, LLC, alleges:

1. On or about December 27, 2019, Plaintiff was employed at a DHL facility located at 11601 W. Touhy Avenue, Chicago, Illinois (hereinafter, "DHL").

2. On December 27, 2019, and at all material times, the Plaintiff, JOSEPHINE PEDROZA was a resident of Cook County Illinois and was employed at the said DHL facility.





FILED DATE: 7/12/2021 11:40 AM 2021L007011

3. At all material times, Defendant ARAMARK B & I was a Delaware Corporation that conducted business throughout the State of Illinois, including at the DHL facility.

4. At all material times, Defendant ARAMARK B & I provided and maintained floor mats used at the DHL facility.

5. Defendant ARAMARK B & I provided the mats to DHL at the location stated herein on a regular and ongoing basis and did so for a considerable time prior to December 27, 2019.

6. At all material times, DHL knew, or should have known, that DHL employees would utilize the floor mats by walking on them throughout the premises, and, by necessity, that the mats were required to be properly placed, maintained, and secured to be safely utilized by those employees.

7. Defendant ARAMARK B & I personnel would initially provide the mats to DHL, place them at the facility, and position the mats throughout the DHL facility upon delivery.

8. Defendant ARAMARK B & I also routinely picked up the mats that were left at DHL previously and then exchange them for different mats on a continual basis. Shortly after picking the used mats up from DHL, Defendant ARAMARK B & I would routinely clean the mats by running them through a cleaning machine. Defendant ARAMARK B & I would then store the mats prior to another delivery of mats by Defendant ARAMARK B & I personnel to DHL.

9. Prior to the date of the occurrence and at all material times, Defendant ARAMARK B & I previously placed and provided mats between the front door and the Central Dispatch department and the front door at the DHL facility.





FILED DATE: 7/12/2021 11:40 AM 2021L007011

10. At all material times, Defendant ARAMARK B & I had a duty to provide safe and suitable mats for use by DHL employees while the mats located on the DHL premises, including the Plaintiff. Defendant ARAMARK B & I also had a duty to safely affix and place the mats when Defendant ARAMARK B & I personnel placed them on the DHL premises.

11. In breach of its duties to the Plaintiff, Defendant ARAMARK B & I engaged in one or more of the following careless acts or omissions:

a) Provided an excessively worn mat at the DHL facility that slipped when walked upon;
b) Provided torn mats that caused pedestrians to trip or slip;
c) Provided mats that continually puckered, buckled, or curled upwards at the edges, causing pedestrians to trip;
d) Provided mats with frayed edges that would intrude into the walking area of the mats, causing tripping hazards to pedestrians walking about the mats;
e) Failed to adequately inspect the mats prior to their installation or use at DHL;
f) Failed to properly install the mats;
g) Failed to properly affix the mats to the ground during installation;
h) Failed to adequately respond to prior information conveyed by DHL to Defendant ARAMARK B & I representatives about DHL employees tripping on or about the mats located at the said location prior to the day plaintiff was injured;
i) Placed the mats at the location described in an unsafe manner by putting them on wet floors;

12. As a proximate result of the foregoing one or more of the foregoing acts or omissions engaged in by ARAMARK B & I, Plaintiff fell to the ground, and sustained damages including significant injuries to her right shoulder, arm, and other parts of her body.

13. As a proximate result of the Defendant ARAMARK B & I'S conduct, the Plaintiff incurred lost wages and lost earning capacity she might otherwise have earned or possessed. She may also suffer similar losses in the future.







14. As a proximate result of the Defendant ARAMARK B & I'S conduct, Plaintiff incurred significant medical expenses and will incur such expenses in the future.

15. As a proximate result of the Defendant ARAMARK B & I'S conduct, the Plaintiff has lost a significant capacity to engage in activities associated with her normal life as it existed prior to her injury. Those activities include, but are not limited to, those associated with basic self-care, daily living, work, and the enjoyment of her life. Plaintiff may also continue to suffer the same or similar limitations and losses in the future and for the remainder of her life.

16. Pleading in the alternative, and as a proximate result of the Defendant's conduct, the Plaintiff has experienced significant disability, and may continue to experience such disability in the future.

17. As a proximate cause of the Defendant's conduct, the Plaintiff has experienced significant pain and suffering, and may continue to suffer pain for the remainder of her life.

WHEREFORE, the Plaintiff, JOSEPHINE PEDROZA prays for judgment in her favor and against the Defendant, ARAMARK BUSINESS & INDUSTRY, LLC., for a sum in excess of the minimum jurisdictional amount of this Court, plus all allowable pre-judgment interest and costs.

**COUNT III – NEGLIGENCE**

**(ARAMARK BUSINESS FACILITIES, LLC)**

Pleading in the alternative, and for Count III of her Complaint against ARAMARK BUSINESS FACILITIES, LLC., a Delaware LLC, (hereinafter, "ARAMARK BF") Plaintiff, JOSEPHINE PEDROZA, thorough her attorneys at the LEONARD LAW GROUP, LLC, alleges:

1. On or about December 27, 2019, Plaintiff was employed at a DHL facility located at 11601 W. Touhy Avenue, Chicago, Illinois (hereinafter, "DHL").





FILED DATE: 7/12/2021 11:40 AM 2021L007011

2. On December 27, 2019, and at all material times, the Plaintiff, JOSEPHINE PEDROZA was a resident of Cook County Illinois and was employed at the said DHL facility.

3. At all material times, Defendant ARAMARK BF was a Delaware LLC that conducted business throughout the State of Illinois, including at the DHL facility.

4. At all material times, Defendant ARAMARK BF provided and maintained floor mats for use at the DHL facility.

5. Defendant ARAMARK BF provided the mats to DHL at the location stated herein on a regular and ongoing basis and did so for a considerable time prior to December 27, 2019.

6. At all material times, ARAMARK BF knew, or should have known, that DHL employees would utilize the floor mats by walking on them throughout the premises, and, by necessity, that the mats were required to be properly placed, maintained, and secured to be safely utilized by those employees.

7. Defendant ARAMARK BF personnel would initially place and position the mats throughout the DHL facility upon delivery by them.

8. Defendant ARAMARK BF also routinely pick up the mats that were left to DHL previously and then exchange them for different mats on a continual basis. Shortly after picking the used mats up from DHL, Defendant ARAMARK BF would also routinely clean the mats by running them through a cleaning machine. Defendant ARAMARK BF would then store the mats prior to another, subsequent delivery of mats by Defendant ARAMARK BF personnel to DHL.

9. Prior to the date of the occurrence and at all material times, Defendant ARAMARK BF previously placed and provided a mat between the front door and the Central Dispatch department and the front door at the DHL facility.



* 5 0 0 9 0 6 7 8 *

FILED DATE: 7/12/2021 11:40 AM 2021L007011

10. At all material times, Defendant ARAMARK BF had a duty to provide safe and suitable mats for use by DHL employees while walking about mats located on the DHL premises. Defendant ARAMARK BF also had a duty to safely affix and place the mat when Defendant ARAMARK BF personnel delivered them to the DHL premises.

11. In breach of its duties to the Plaintiff, Defendant ARAMARK BF engaged in one or more of the following careless acts or omissions:

a) Provided an excessively worn mat at the DHL facility that slipped when walked upon;
b) Provided torn mats that caused pedestrians to trip or slip;
c) Provided mats that continually puckered, buckled, or curled upwards at the edges, causing pedestrians to trip;
d) Provided mats with frayed edges that would intrude into the walking area of the mats, causing tripping hazards to pedestrians walking about the mats;
e) Failed to adequately inspect the mats prior to their installation or use at DHL;
f) Failed to properly install the mats;
g) Failed to properly affix the mats to the ground during installation;
h) Failed to adequately respond to prior information conveyed by DHL to Defendant ARAMARK BF representatives about DHL employees tripping on or about the mats located at the said location prior to the day plaintiff was injured;
j) Placed the mats at the location described in an unsafe manner by putting them on wet or moist floors;

12. As a proximate result of the foregoing one or more of the foregoing acts or omissions engaged in by Defendant ARAMARK BF, Plaintiff fell to the ground, and sustained damages, including significant injuries to her right shoulder, arm, and other parts of her body.

13. As a proximate cause of the Defendant ARAMARK BF'S conduct, the Plaintiff incurred lost wages and lost earning capacity she might otherwise have earned or possessed. She may also suffer similar losses in the future.

* 5 0 0 9 0 6 7 8 *

FILED DATE: 7/12/2021 11:40 AM 2021L007011

14. As a proximate cause of the Defendant ARAMARK BF'S conduct, Plaintiff incurred significant medical expenses and will incur such expenses in the future.

15. As a proximate cause of the Defendant ARAMARK BF'S conduct, the Plaintiff has lost a significant capacity to engage in activities associated with her normal life as it existed prior to her injury. Those activities include, but are not limited to, those associated with basic self-care, daily living, work, and the enjoyment of her life. Plaintiff may also continue to suffer the same or similar limitations and losses in the future and for the remainder of her life.

16. Pleading in the alternative, and as a proximate cause of the Defendant's conduct, the Plaintiff has experienced significant disability, and may continue to experience such disability in the future.

17. As a proximate cause of the Defendant's conduct, the Plaintiff has experienced significant pain and suffering, and may continue to suffer pain for the remainder of her life.

WHEREFORE, the Plaintiff, JOSEPHINE PEDROZA prays for judgment in her favor and against the Defendant, ARAMARK BUSINESS FACILITIES, LLC., for a sum in excess of the minimum jurisdictional amount of this Court, plus all allowable pre-judgment interest and costs.

**COUNT IV – NEGLIGENCE**

**(ARAMARK FACILITY SERVICES, LLC)**

Pleading in the alternative, and for Count IV of her Complaint against ARAMARK FACILITY SERVICES, LLC., a Delaware LLC, (hereinafter, "ARAMARK FS") Plaintiff, JOSEPHINE PEDROZA, thorough her attorneys at the LEONARD LAW GROUP, LLC, alleges:

1. On or about December 27, 2019, Plaintiff was employed at a DHL facility located at 11601 W. Touhy Avenue, Chicago, Illinois (hereinafter, "DHL").





FILED DATE: 7/12/2021 11:40 AM 2021L007011

2. On December 27, 2019, and at all material times, the Plaintiff, JOSEPHINE PEDROZA was a resident of Cook County Illinois and employed at the said DHL facility.

3. At all material times, Defendant ARAMARK FS was a Delaware LLC that conducted business throughout the State of Illinois, including at the DHL facility.

4. At all material times, Defendant ARAMARK FS provided and maintained floor mats used at the DHL facility.

5. Defendant ARAMARK FS provided the mats to DHL at the location stated herein on a regular and ongoing basis and did so for a considerable time prior to December 27, 2019.

6. At all material times, DHL knew, or should have known, that DHL employees would utilize the floor mats by walking on them throughout the premises, and, by necessity, that the mats were required to be properly placed, maintained, and secured in order to be safely utilized by those employees.

7. Defendant ARAMARK FS personnel would initially place and position the mats throughout the DHL facility upon delivery.

8. Defendant ARAMARK FS would then periodically pick up the mats that were left at DHL previously and then exchange them for different mats on a continual basis. Shortly after picking the used mats up from DHL, Defendant ARAMARK FS would then routinely clean the mats by running them through a cleaning machine. Defendant ARAMARK FS would then store the mats prior to another delivery of mats by Defendant ARAMARK FS personnel to DHL.

9. Prior to the date of the occurrence and at all material times, Defendant ARAMARK FS previously placed and provided a mat between the front door and the Central Dispatch department at the DHL facility.



* 5 0 0 9 0 6 7 8 *

FILED DATE: 7/12/2021 11:40 AM 2021L007011

10. At all material times, Defendant ARAMARK FS had a duty to provide safe and suitable mats for use by DHL employees while walking about mats located on the DHL premises. Defendant ARAMARK FS also had a duty to safely affix and place the mat when ARAMARK FS personnel placed them on the DHL premises.

11. In breach of its duties to the Plaintiff, Defendant ARAMARK FS engaged in the following careless acts or omissions:

a) Provided an excessively worn mat at the DHL facility that slipped when walked upon;
b) Provided torn mats that caused pedestrians to trip or slip;
c) Provided mats that continually puckered, buckled, or curled upwards at the edges, causing pedestrians to trip;
d) Provided mats with frayed edges that would intrude into the walking area of the mats, causing tripping hazards to pedestrians walking about the mats;
e) Failed to adequately inspect the mats prior to their installation or use at DHL;
f) Failed to properly install the mats;
g) Failed to properly affix the mats to the ground during installation;
h) Failed to adequately respond to prior information conveyed by DHL to Defendant ARAMARK FS representatives about DHL employees tripping on or about the mats located at the said location prior to the day plaintiff was injured;
i) Placed the mats at the location described in an unsafe manner by putting them on wet or moist floors;

12. As a proximate result of the foregoing one or more of the foregoing acts or omissions engaged in by ARAMARK FS, Plaintiff fell to the ground, and sustained damages, including significant injuries to her right shoulder, arm, and other parts of her body.

13. As a proximate cause of the Defendant ARAMARK FS'S conduct, the Plaintiff incurred lost wages and lost earning capacity she might otherwise have earned or possessed. She may also suffer similar losses in the future.







14. As a proximate cause of the Defendant ARAMARK FS'S conduct, Plaintiff incurred significant medical expenses and will incur such expenses in the future.

15. As a proximate cause of the Defendant ARAMARK FS'S conduct, the Plaintiff has lost a significant capacity to engage in activities associated with her normal life as it existed prior to her injury. Those activities include, but are not limited to, those associated with basic self-care, daily living, work, and the enjoyment of her life. Plaintiff may also continue to suffer the same or similar limitations and losses in the future and for the remainder of her life.

16. Pleading in the alternative, and as a proximate cause of the Defendant's conduct, the Plaintiff has experienced significant disability, and may continue to experience such disability in the future.

17. As a proximate cause of the Defendant's conduct, the Plaintiff has experienced significant pain and suffering, and may continue to suffer pain for the remainder of her life.

WHEREFORE, the Plaintiff, JOSEPHINE PEDROZA prays for judgment in her favor and against the Defendant, ARAMARK FACILITY SERVICES, LLC., for a sum in excess of the minimum jurisdictional amount of this Court, plus all allowable pre-judgment interest and costs.

*/s/ Jeffrey M. Brown*
Attorney for Plaintiff

Jeffrey M. Brown
**LEONARD LAW GROUP LLC.**
325 S. Paulina Suite 100
Chicago, Illinois 60612
P: 312-226-8273
F: 312-226-8274
Jeffb@leonardlawgroup.net
Attorney No.: 49286